UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tarlok Singh Khakh,<br><br>    Plaintiff<br><br>v.<br><br>Bhajan Sidhu, *dba* Smoke 4 U,<br><br>    Defendant | Case No. 2:22-cv-00519-CDS-EJY<br><br>**Order Denying Defendant's Motion for Summary Judgment and Ordering Plaintiff to File a Notice of Intent to Proceed**<br><br>[ECF No. 27] |

This dispute arises out of an employment dispute between plaintiff Tarlok Khakh, now proceeding pro se, and his former employer, defendant Bhajan Sidhu, doing business as Smoke 4 U. Khakh alleges that Smoke 4 U failed to pay wages, failed to pay overtime, and violated several state employment laws during the course of his employment. Compl., ECF No. 1. Smoke 4 U now moves for summary judgment on all four of Khakh's claims. Mot. for Summ. J., ECF No. 27. Smoke 4 U has filed a notice of non-opposition to the motion for summary judgment. ECF No. 28. Because it is unclear whether the motion for summary judgment was properly served on Khakh, it is denied without prejudice at this time. I further order Khakh to file of notice of intent to proceed.

I.   **Background**

In June of this year, Magistrate Judge Elayna Youchah granted Khakh's counsel's motion to withdraw as counsel. Min. Order, ECF No. 23. Khakh was given 30 days to retain new counsel and for that counsel to file a notice of appearance. *Id.* No such notice of appearance was filed. Subsequently, Smoke 4 U filed its motion for summary judgment. ECF No. 27. Khakh did not file a response; however, the court has discovered that defendant's motion for summary judgment may not have been properly served on the plaintiff. The certificate of service on the motion for summary judgment is not clear exactly how or where Khakh was served. *See id.* at 14.

Sidhu's certificate merely indicates that the motion was served on plaintiff "by depositing a true copy of the same for electronic mailing at Las Vegas, Nevada through the Court's CM/ECF System." *Id.* And although the certificate of service does contain Khakh's name, address, and email address, it is impossible to ascertain how service of this motion was made. After the withdrawal of counsel of record, the Clerk of Court was not instructed to update the docket with Khakh's address. Further, Khakh has not updated his address in accordance with the local rules (*see* LR IA 3-1 (requiring pro se parties to immediately file with the court written notification of any change of mailing address)), nor has he registered for electronic service through the court's notice of electronic filing system.

Because the court has no address or email address for Khakh, it has no means of serving him "through the Court's CM/ECF System" as Smoke 4 U alleged. *See* ECF No. 27 at 14. Because it is unclear whether Khakh was properly served, and because the court is unsure whether he wishes to proceed with this action, the defendant's motion for summary judgment is denied without prejudice[1] pending Khakh's advisement to the court regarding representation.

II.    **Khakh must file a notice of intent to proceed.**

As noted above, Khakh's counsel of record withdrew and Khakh was ordered to retain new counsel. ECF No. 23. However, Khakh was not advised at that time that if he did not retain new counsel, he must notify the court of his intent to represent himself. In an abundance of caution, and in light of the uncertainty, I order Khakh to clarify how he wishes to proceed in this action. Khakh is ordered to file a notice with the court no later than December 8, 2023, stating whether he has retained new counsel or intends to proceed pro se. Khakh is cautioned that

---

[1] Defendant's motion for summary judgment is denied without prejudice to its renewal once the representation issued is resolved. However, Smoke 4 U is cautioned that if it re-files its motion in the future, it must comply with this district's local rules. Smoke 4 U failed to provide an index of exhibits with its motion for summary judgment, thus failing to comply with LR IA 10-3(d). ECF No. 27. Nor did it file its exhibits as separate files. *See id.* This violates LR IC 2-2(a)(3), which requires that "[e]xhibits and attachments must not be filed as part of the base document in the electronic filing system. They must be attached as separate files."

failure to file a notice of intent to proceed by December 8, 2023, will result in dismissal of his case for failure to prosecute and failure to follow court orders and without further notice. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (discussing a court's authority to dismiss an action for failure to prosecute in order to prevent undue delays in the disposition of pending cases and to avoid congestion of the court's calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) *as amended* (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

### III. Conclusion

IT IS THEREFORE ORDERED that defendant's motion for summary judgment **[ECF No. 27] is DENIED without prejudice**.

IT IS FURTHER ORDERED that plaintiff must file a notice with the court, **no later than December 8, 2023**, stating whether he has retained new counsel or intends to proceed pro se.

The Clerk of Court is kindly instructed to update the docket with plaintiff's address as identified at ECF No. 22 at 5, and to mail and email this order to the plaintiff.

DATED: November 17, 2023

_____
Cristina D. Silva
United States District Judge