UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Tarlok Singh Khakh,

        Plaintiff

v.

Bhajan Sidhu *doing business as* Smoke 4 U,

        Defendant

Case No. 2:22-cv-00519-CDS-EJY

**Order of Dismissal and Closing Case**

This action arises out of an alleged employment dispute between plaintiff Tarlok Khakh and his former employer, Bhajan Sidu. Khakh was represented by counsel when he initiated this action on February 23, 2022, against defendant Bhajan Sidhu, doing business as Smoke 4 U, alleging he failed to pay wages, failed to pay overtime, and violated several state employment laws during the course of his employment. Compl., ECF No. 1. In June of this year, Khakh's counsel withdrew from his representation because Khakh failed to communicate or contact him. Mot. to Withdraw, ECF No. 22. The magistrate judge granted the motion to withdraw and Khakh was ordered to retain new counsel (Min. Order, ECF No. 23), but he failed to do so. I then gave Khakh an additional chance, issuing an order to file a notice of intent, giving Khakh until December 8, 2023, to advise the court how he wished to proceed in this action. Order, ECF No. 29. In that order, Khakh was warned that the action would be dismissed without further notice if he failed to file a notice stating whether he has retained new counsel or intends to proceed pro se. *Id.* at 3. That deadline expired and Khakh did not file a notice of intent to proceed, a request for an extension of time to do so, or otherwise respond. Accordingly, this case is dismissed without prejudice for failure to prosecute and failure to comply with a court order.

I.      Relevant history

Approximately one year after filing his complaint, Khakh's counsel moved to withdraw citing that he had "had no contact with [his] [c]lient for months." Balaban Aff., ECF No. 22-1 at 2. Counsel averred that he "ha[d] emailed Khakh on three different occasion and called him at least a half dozen times." *Id.* Magistrate Judge Elayna Youchah granted the motion to withdraw and Khakh was given 30 days to retain new counsel and for that counsel to file a notice of appearance. Min. Order, ECF No. 23. Khakh had not complied with the order by the July 27, 2023, deadline. When Khakh failed to respond to the defendant's motion for summary judgment, he filed a notice of non-opposition. ECF Nos. 27, 28. Having found that Khakh was not advised that if he did not retain new counsel he must notify the court of his intent to represent himself, I ordered Khakh to clarify how he wished to proceed in this action. Order, ECF No. 29. As of the date of this order, the court has not received any notice from Khakh.

II.     Discussion

While "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances" (*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)), a court may dismiss an action under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or failure to follow the court's order. Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). A court must weigh five factors in evaluating whether to order dismissal. Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson, v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829, 832 (9th Cir 1986).

1    Here, the first two dismissal factors, the public's interest in expeditious resolution of

2    litigation and the court's need to manage its docket, both favor dismissal. The evidence shows

3    that Khakh's counsel lost contact with him. *See* ECF No. 22-1 at 2 ("responses to the admissions

4    were untimely [ ] because my client would not contact me." Counsel averred that his sense was

5    "that Khakh has lost interest in the case[.]" *Id.* Once counsel withdrew, Khakh failed to respond

6    to pending motions, failed to obey court orders, and has not offered any excuse for failing to do

7    so. Rule 41(b) requires that federal actions be prosecuted with "reasonable diligence" in order to

8    avoid dismissal. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Khakh has allowed his

9    case to sit idle despite warnings that such inaction would result in a dismissal, and now his

10    abandoned case lingers on the court's docket.

11    The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. "[T]he

12    risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to

13    timely amend." *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). "Whether prejudice

14    is sufficient to support an order of dismissal is in part judged with reference to the strength of

15    the plaintiff's excuse for the default." *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir.

16    1987). Given the length of this almost six-month delay and the absence of explanation for his

17    non-compliance, Khakh's delay in prosecuting is unreasonable and creates a prejudice. *In re Eisen*,

18    31 F.3d 1447, 1452 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to

19    justify dismissal . . . [t]he law presumes injury from unreasonable delay.") (quoting *Anderson*, 542

20    F.2d at 524).

21    The fourth factor weighs against dismissal because public policy favors disposition of

22    cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). But its weight is

23    significantly diminished by the fact that Khakh's failure to comply with court orders impedes

24    this case from moving toward disposition on the merits. *See Morris v. Morgan Stanley & Co.*, 942

25    F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the

26

merits, it is the responsibility of the moving party to move towards that disposition at a

a reasonable pace, and to refrain from dilatory and evasive tactics.").

While the fifth factor requires the court to consider whether less drastic alternatives can

be used to correct the party's failure that effectuated the court's need to consider dismissal,

courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but

must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Khakh has had

passed on multiple opportunities to litigate this matter. Khakh has not responded to discovery,

has not participated in depositions, and has not responded to multiple court orders. *See* ECF

Nos. 22-1, 23, 29. There has been no communication from Khakh in over six months—including

his failure to respond to three motions. *See* ECF Nos. 18, 22, 27. Even after he failed to file

responses, I gave Khakh yet another opportunity to notify the court of his intent to continue, in

which he was warned that dismissal would follow his failure to timely comply with the court's

order. ECF No. 29 at 3. But, aware of the consequences, he nonetheless failed to comply. This

signals Khakh's clear intention not to prosecute his case and a less dramatic sanction is not

warranted. But in considering other meaningful alternatives, I am stopping short of using the

harshest possible sanction of dismissal with prejudice and instead dismiss without prejudice.

In sum, the five-factor analysis weighs in support of dismissal because Khakh has

abandoned his claims and efforts to spur plaintiff into action has failed. Thus, I am left with no

choice but to dismiss this action for failure to prosecute and failure to comply with the court's

orders.

III.    Conclusion

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice based on the plaintiff's failure to prosecute and failure to comply with the court's orders.

The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: December 22, 2023

_____
Cristina D. Silva
United States District Judge